IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-2777-CMA-KLM

JUAN CAMPOS, AND JUAN CAMPOS CARLOS, A MINOR, BY AND THROUGH HIS MOTHER AND NEXT FRIEND, VANESSA VARGAS,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Partial Motion to Dismiss for Failure to State a Claim** [#9] (the "Motion"). The Motion [#9] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72. *See* [#12]. Plaintiffs did not file a response to the Motion [#9], and the deadline has long expired. The Court has reviewed the Motion [#9], the entire case file and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the court respectfully **RECOMMENDS** that the Motion [#9] be **GRANTED**.

### I. Background[1]

Plaintiffs are individuals and residents of the State of Colorado. *Compl.* [#4] ¶¶ 1-2. Defendant State Farm Mutual Insurance Corporation ("State Farm") is a corporation conducting insurance business in the State of Colorado. *Id.* ¶ 3. This case was originally

---

[1] For the purposes of resolving the Motion [#9], the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint [#4]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

filed in state court, then removed to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  *Notice of Removal* [#1].  The matter arises from claims made by Plaintiff under an insurance policy (the "Policy") issued by State Farm to Plaintiff.  *See Compl.* [#4] ¶ 19.

As to the facts relevant to the claims, on August 20, 2016, a vehicle operated by Michael Dougherty collided with Plaintiffs' vehicle, injuring them.  *Compl.* [#4] ¶¶ 9-10.  At the time of the collision, Mr. Dougherty and his employer, Sure Shot Drilling, Inc. ("Sure Shot"), were insured under an automobile insurance policy with coverage totaling $2,000,000.  *Id.* ¶ 21.  With State Farm's consent, Plaintiffs settled their tort claim against Mr. Dougherty and Sure Shot for the policy limit of $2,000,000.  *Id*.  Plaintiff Juan Campos received $625,000, Plaintiff Juan Carlos Campos received $450,000, and a third injured party received the remaining portion of Mr. Dougherty and Sure Shot's coverage limit.  *Id.* Plaintiffs were insured under State Farm's Policy for underinsured motorist ("UIM") benefits, with coverage limits of $100,000 per person and $300,000 per incident.  *Id.* ¶ 19.  Plaintiffs allege that the coverage limits of the Policy "as applicable to each Plaintiff are is [sic] inadequate to cover the injuries, damages, losses and expenses suffered by Plaintiffs."  *Id*. ¶ 57.  Plaintiffs do not, however, specify exactly how much of their damages were left uncovered by the settlement with Mr. Dougherty and Sure Shot.  Plaintiffs assert that they have fulfilled all conditions precedent to submitting their claim for UIM benefits under the Policy, although they do not clarify what these conditions are or what steps Plaintiffs took to fulfill them.  *Id.* ¶ 24.

Plaintiffs aver that they sent State Farm numerous unnamed documents intended to "well and fully substantiate" Plaintiffs' damages that entitled them to benefits under the

Policy.  *Compl.* [#4] ¶¶ 61-62.  However, for unspecified reasons, State Farm allegedly denied Plaintiffs' claim.  *Id.* ¶¶ 66-67.  Plaintiffs do not specify on what date they submitted their claim on the Policy, on what date State Farm denied Plaintiffs' claim, or how much communication was exchanged between the parties prior to Plaintiffs' initiation of this action.  Regardless, Plaintiffs allege that State Farm continues to unreasonably delay or deny payment of Plaintiffs' benefits under the Policy.  *Id.* ¶ 67.

Plaintiffs bring four claims: (1) an Underinsured Motorist Claim in the Amount of $100,000 against State Farm (under Colo. Rev. Stat. §§ 10-4-609 and 610); (2) statutory unreasonable delay or denial under Colo. Rev. Stat. §§ 10–3–115 and 116; (3) common law bad faith; and (4) breach of contact.  *See Compl.* [#4]*.*  In the Motion [#9], State Farm argues that Plaintiffs' second and third claims should be dismissed for failure to state a claim.  *Id.* at 2.  State Farm additionally seeks an award of attorneys' fees under Colo. Rev. Stat. § 13-17-201.  *Id.* at 8.  As noted previously, Plaintiffs did not file a response.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted").  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a

complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] [ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

A district court generally "may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quotation omitted). "This is consistent with the purpose of Rule 12(b)(6) motions [which] is to test 'the sufficiency of the allegations within the four

corners of the complaint after taking those allegations as true.'" *Id*. (quotation omitted). The Tenth Circuit has further stated that "it is well established that a 'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*. at 1177-78 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991)). "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id*.

### III.  Analysis

State Farm argues that Plaintiffs have failed to state a claim with respect to both their statutory bad faith claim for unreasonable delay or denial and their common law bad faith claim. *Motion* [#9] at 4-8. The Court first addresses the legal framework for Plaintiffs' claims and then turns to the argument that Plaintiffs' allegations that State Farm's conduct was unreasonable—as required to state a bad faith claim—are not plausible as a matter of law. Finally, the Court considers State Farm's request for attorneys' fees.

**A.     Legal Framework for Plaintiffs' Bad Faith Claims**[2]

Although similar, the requirements of a common law bad faith claim under Colorado law are heightened compared to those of a statutory bad faith claim. Both common law and statutory bad faith claims require that a plaintiff first be entitled to payment of benefits. *See Simental v. State Auto. Mut. Ins. Co.*, No. 21-cv-01725-CMA-

---

[2]  Because the Court's jurisdiction in this lawsuit is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), the Court applies federal procedural law and Colorado substantive law. *See Notice of Removal* [#1] at 2  *4 Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995); *Trierweiler v. Croxton & Trench Holding Corp*, 90 F.3d 1523, 1539 (10th Cir. 1996).

NYW, 2022 WL 204603, at *2 (D. Colo. Jan. 24, 2022) ("A bad faith claim must fail if the plaintiff was not entitled to benefits under the policy.") (citing *Gerald H. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.*, 679 F. App'x 705, 710 (10th Cir. 2017)).  Further, both types of bad faith claims require a showing of unreasonable conduct.  *Trujillo v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-0410-WJM-NRN, 2019 WL 3996882, at *8 (D. Colo. Aug. 23, 2019) (citing *Goodson v. Am. Standard. Ins. Co. of Wisc.*, 89 P.3d 409, 414 (Colo. 2004)).  However, a common law insurance bad faith claim requires the insured to sufficiently allege both that the insurer acted unreasonably under the circumstances *and* that the insurer knowingly or recklessly disregarded the validity of the insured's claim, while "the only element at issue in a statutory claim is whether an insurer denied [or delayed] benefits without a reasonable basis."  *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 990 (Colo. App. 2015) (*Fisher I*) (citations omitted), *aff'd State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501, 506 (Colo. 2018) (*Fisher II*).  Here, State Farm's Motion [#9] is premised on whether Plaintiffs have sufficiently alleged the common element of these two claims, i.e., whether State Farm engaged in unreasonable conduct. *Motion* [#9] at 4-8.

Plaintiff asserts a first-party claim, i.e., she is suing her own insurer for UIM benefits to which she is directly entitled under the terms of the insurance policy.  *Bucholz v. Safeco Ins. Co. of Am.*, 773 P.2d 590, 593 (Colo. App. 1988).[3]  "[F]irst-party cases differ from third-party cases because, in a first-party action, the defendant insurance company owes the plaintiff-insured a duty of good faith."  *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649, 657 (Colo. 2012).  The basis for liability is "the insurer's conduct in

---

[3] UIM coverage is "for damage for bodily injury or death that an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle."  Colo. Rev. Stat. § 10-4-609(4).

unreasonably refusing to pay a claim and failing to act in good faith, not the insured's ultimate financial liability." *Sanderson v. Am. Fam.*, 251 P.3d 1213, 1217 (Colo. App. 2010) (quoting *Goodson*, 251 P.3d at 1217). Thus, the inquiry is "whether reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably. . . .'" *Id*. at 1219 (quoting *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 280 (Ariz. 2000)). The reasonableness of the insurer's conduct is viewed objectively. *Id.* at 1217.

**B.  Whether Plaintiff Has Sufficiently Averred Unreasonable Conduct**

State Farm argues that "the Complaint is completely devoid of factual allegations" that support Plaintiffs' statutory bad faith claim of unreasonable denial or delay or their common law bad faith claim. *Motion* [#9] at 2. Regarding the statutory bad faith claim, State Farm argues that Plaintiffs do not provide any specific reason that explains why they are entitled to benefits under the Policy. *Id.* at 4. State Farm contends that, without an explanation of why Plaintiffs are owed UIM benefits, Plaintiffs cannot and have not alleged sufficiently specific allegations showing that State Farm "lacked a reasonable basis for not paying any UIM benefits." *Id.* at 5. Regarding the common law bad faith claim, State Farm asserts that "[a]side from not paying Plaintiff's [sic] claim for UIM benefits, it is entirely unclear what specifically Plaintiffs believe that State Farm did wrong in evaluating this claim." *Id.* at 8.

The Court agrees with State Farm, and finds that Plaintiffs' Complaint [#4] fails to allege specific facts from which reasonable jurors could conclude that State Farm acted unreasonably in handling Plaintiffs' claim. *See Sanderson*, 251 P.3d at 121. As an initial matter, Plaintiffs do not offer sufficient allegations showing why they are entitled to

benefits under the Policy. Plaintiffs never explain which or how much of their expenses were left uncovered by the settlement. *See Compl.* [#4] ¶ 60. Plaintiffs allege that they submitted "relevant medical records, reports and billings [that] reasonably presented UIM [sic] claim" to State Farm. *Id.* ¶ 61. However, Plaintiffs do not elaborate on what documents were submitted or how these documents demonstrated a plausible claim for UIM benefits.

Plaintiffs cannot maintain a cognizable bad faith claim if they fail to show that State Farm owed them any payment under the Policy. *Simental*, 2022 WL 204603, at *2. Beyond Plaintiffs' conclusory statement that their damages exceed the awards in the initial settlement, Plaintiffs must plead sufficient factual allegations establishing why they believe they are entitled to UIM benefits under the Policy. *See Garcia v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-01504-CMA-MEH, 2021 WL 577029, at *2 (D. Colo. Dec. 6, 2021) (dismissing bad faith UIM claims when plaintiff failed to explain why settlement with at-fault driver was insufficient to cover damages). Here, Plaintiffs allege that their injuries are "either permanent and/or continuing in nature." *Compl.* [#4] ¶ 18. This vague assertion, however, does not exempt Plaintiffs from providing the "further factual enhancement" required to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Simental*, 2022 WL 204603, at *2 (dismissing bad faith UIM claim when plaintiff alleged no facts "regarding the amount of [medical] expenses or the nature and extent of her ongoing injuries").

Even if Plaintiffs did sufficiently allege that they are entitled to benefits under the Policy, they fail to adequately allege unreasonable conduct by State Farm. The allegations in the Complaint [#4] are little more than recitations of the elements of

Plaintiffs' claims and boilerplate references to possible categories of unreasonable conduct by an insurance company. For example, Plaintiffs allege that:

> 31. Defendant is acting in bad faith through its conduct as hereinabove described including, but not limited to, delaying payment of UIM benefits without reasonable basis.
>
> 32. Defendant's conduct has been unreasonable.
>
> 33. Defendant's conduct is unreasonable and, in whole or part, caused by the failure to properly train, guide, or supervise its UIM adjustors.
>
> 34. Defendant's conduct is unreasonable and, in whole or part, caused by the failure to create and maintain reasonable criteria, policies, procedures, guidelines, and manuals, whether written or electronic.

*Compl.* [#4] ¶¶ 31-34. Plaintiffs fail to explain what basis, if any, State Farm provided for its delay or denial of payment, or what conduct by State Farm's agents indicates faulty training, supervision, or internal policies. Such speculation does not adequately allege unreasonable conduct. *See, e.g., Ryals v. Am. Fam. Ins. Co.*, No. 20-cv-02736-NYW, 2021 WL 848195, at *7 (D. Colo. Mar. 5, 2021) (dismissing claim where allegations of supposed bad faith included "only boilerplate language applicable to any insurance contact claim generally, [and were] devoid of any specific factual information"); *Traurig v. Owners Ins. Co.*, No. 20-cv-01489-CMA-SKC, 2021 WL 1165536, at *3 (D. Colo. Mar. 26, 2021) (granting 12(b)(6) motion when plaintiff provided facts about underlying car accident and UIM policy, but alleged no "specific actions or omissions" by insurance company).

Aside from State Farm's failure to pay out some uncertain amount of coverage under the Policy, the Court agrees that it is unclear exactly what conduct Plaintiffs believe is unreasonable. *Motion* [#9] at 8. The Court therefore finds that Plaintiffs fail to adequately state claims for common law bad faith and statutory unreasonable delay or

denial. Moreover, despite the dearth of specific factual allegations in the Complaint [#4], Plaintiffs have neither filed a response to the Motion [#9] nor sought leave to amend their complaint. Accordingly, the Court **recommends** that the Motion [#9] be **granted** and Plaintiffs' second and third claims be **dismissed with prejudice**. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (holding that "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile"); *Mason v. Miro Jewelers, Inc.*, No. 19-cv-02459-LTB-KLM, 2020 WL 6828024, at *2 (D. Colo. June 17, 2020) (finding dismissal with prejudice appropriate when plaintiff opted to "stand on the meager allegations of her [c]omplaint, rather than amend her complaint").

## C.     State Farm's Request for Attorneys' Fees

State Farm seeks "reasonable attorney fees and costs" under Colo. Rev. Stat. § 13-17-201, which states that:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action . . . .

*See Motion* [#9] at 8. The Tenth Circuit has held that awards of attorneys' fees under this statute are mandatory, *Checkley v. Allied Prop. & Cas. Ins. Co.*, 635 F. App'x 553, 559 (10th Cir. 2016), and considered substantive for the purposes of diversity jurisdiction, *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Courts award attorneys' fees pursuant to § 13-17-201 when two requirements are met: "(1) the action lies in tort; and (2) the action is dismissed pursuant to Rule 12(b)." *See, e.g., Clayton v.*

*Dreamstyle Remodeling of Colo., LLC*, No. 20-cv-02096-KMT, 2021 WL 4078911, at *12 (D. Colo. Sept. 7, 2021). However, before attorneys' fees are awarded, a defendant must show by a preponderance of the evidence that both requirements have been satisfied. *Id.*; *see also Am. Water Dev., Inc. v. City of Alamosa*, 874 .2d 352, 383 (Colo. 1994).

Here, State Farm invokes Colo. Rev. Stat. § 13-17-201 in only a cursory fashion. The Motion [#9] contains no argument as to how State Farm meets either requirement to be entitled to attorneys' fees. Accordingly, the Court declines to address either requirement or "extend its analysis beyond the arguments actually set forth by the parties." *Clayton,* 2021 WL 4078911, at *12. Therefore, the Court **recommends** that State Farm's request for attorneys' fees be **DENIED without prejudice**. If State Farm chooses to file a subsequent motion for attorneys' fees, State Farm must show why it is entitled to fees under § 13-17-201. Such a motion must also provide the information required by D.C.Colo.LCiv.R. 54.3. *See Bath v. Am. Express Co.*, No. 19-cv-00606-RM-NYW, 2019 WL 2607020, at *9-10 (D. Colo. May 31, 2019) (finding resolution of award under § 13-17-201 "better adjudicated through a future motion, compliant with D.C.Colo.LCiv.R 54.3," rather than in 12(b)(6) motion).

## IV. Conclusion

Based on the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that the Motion [#9] be **GRANTED**, and that Plaintiff's second and third claims be **DISMISSED with prejudice**.

IT IS FURTHER **RECOMMENDED** that State Farm's request for attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-201 be **DENIED without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 23, 2022

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge